UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS MAURICE MARTIN,

        Petitioner,

                                            CASE NO. 1:15-CV-514

v.

                                            HON. ROBERT J. JONKER

MARY BERGHUIS,

        Respondent.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

        The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation (docket # 7); Petitioner's Objections to Report and Recommendation (docket # 9); and Petitioner's Motion to Supplement (docket # 15). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed R. Civ. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; Petitioner's objections; and Petitioner's supplemental material (docket # 16-1).  After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation, which concluded that Petitioner is not entitled to equitable tolling of the statute of limitations on his habeas claim, is factually sound and legally correct.

Equitable tolling should be applied sparingly, and only under extraordinary circumstances. *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009).  A party seeking equitable tolling must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 and n. 8 (2005)).  Petitioner has not satisfied this test.

Petitioner filed his habeas petition on May 21, 2015, almost four years after the filing deadline of June 2, 2011.  Petitioner does not dispute the Magistrate Judge's finding that, absent equitable tolling, his habeas petition is time-barred.  Petitioner asserts that he is entitled to equitable tolling, however.  He claims that he failed to file his habeas petition within the applicable statute of limitations because was unable to obtain his court file from the trial court and his former trial and appellate counsel did not assist him in obtaining his court files even though he requested their assistance. (docket #9.)  He indicates that he was waiting for help from the trial court or his counsel that was not forthcoming.  (*Id.*)  Petitioner submits a statement from his uncle in support of his argument that counsel was unresponsive. (docket # 16-1.)  The circumstances Petitioner describes as impediments simply do not amount to the kind of extraordinary circumstances that would justify equitable tolling.  Petitioner could have filed a habeas petition even without having the state court record at the time of filing.  That Petitioner lacked training in the law, was proceeding without a

lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004); see also *Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated pro se prisoner, generally does not excuse [late] filing."). The Magistrate Judge correctly concluded that Petitioner's petition is time-barred.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); see also, *Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Petitioner

3

has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

The Magistrate Judge correctly concluded that Petitioner's habeas corpus petition is barred by the one-year statute of limitations, and Petitioner is not entitled to a certificate of appealability. Accordingly, **IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 7) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Motion to Supplement Objections (docket # 15) is **GRANTED**.

2. Petitioner's Petition for Writ of Habeas Corpus (docket #1) is **DENIED** because it is barred by the one-year statute of limitations;

   and

2. Petitioner is **DENIED** a certificate of appealability.


Dated:   August 26, 2015            /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    CHIEF UNITED STATES DISTRICT JUDGE